UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **COREY COLEMAN** | **CIVIL ACTION NO. 21-0018** |
| | |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| | |
| **CALDWELL PARISH PRISON, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### REPORT AND RECOMMENDATION

Plaintiff Corey Coleman, a prisoner at LaSalle Correctional Center proceeding pro se and in forma pauperis, filed this proceeding on approximately January 4, 2021, under 42 U.S.C. § 1983. He names the following defendants: Caldwell Parish Prison, Caldwell Parish Prison Staff, Warden Wiles, Sergeant King, and Sergeant Bernard.[1] For reasons below, the Court should dismiss Plaintiff's lost property claim and his claims against Caldwell Parish Prison and Caldwell Parish Prison Staff. The Court should retain the remaining claims.

### Background

Plaintiff claims that Warden Wiles directed other staff to place him "in a restraint chair for twelve days straight on three different occasions . . . ." [doc. #s 1, p. 3; 11, p. 1; 13]. Each day, he remained in the chair for twenty-four hours. [doc. # 11, p. 1]. On some days, he was not "given a mandatory 15-minute break after two hours." [doc. # 1, p. 3]. He was also chained to the wall "sometimes." [doc. # 11, p. 2]. He was forced to defecate on the floor in the hallway because he did not receive a restroom break for twenty-four hours. *Id.* He sustained a lower-back injury and mental and emotional distress. *Id.* at 3.

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

Plaintiff was placed in the restraint chair following an allegation that he battered an officer. *Id.* at 1. He was charged with battery of an officer; the charge is pending. *Id.*

On August 6, 2020, Plaintiff kicked his door to obtain assistance from staff concerning hygiene items. [doc. #s 1, p. 3; 11, p. 4]. Sergeant King approached, opened the cell, and electrocuted Plaintiff in the stomach and upper-thigh area with a Taser device. [doc. # 11, p. 4]. King then pulled the metal Taser prongs from Plaintiff's skin, causing Plaintiff intense pain and bleeding. *Id.* Plaintiff maintains that King shocked him for no reason: he did not threaten or attack King. *Id.*

Plaintiff also claims that on September 2, 2020, Sergeant Bernard shot him with a mace ball gun while he was sitting in his cell. [doc. # 1, p. 3]. The balls of mace impacted Plaintiff's chest and arms, leaving him with bruises, burning skin, and bleeding. [doc. # 11, pp. 3-4]. He maintains that he never posed a threat.

Finally, Plaintiff claims that staff lost his property in September 2020. [doc. #s 1, p. 3; 11, p. 5]. His property included grievances, ARP forms, legal and miscellaneous paperwork, addresses, personal information, and telephone numbers. *Id.*

Plaintiff seeks compensation. *Id.* at 4.

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] See *Martin v. Scott,* 156 F.3d

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations

578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

---

of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

3

*Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra.*

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Caldwell Parish Prison and Caldwell Parish Prison Staff**

Plaintiff names Caldwell Parish Prison and Caldwell Parish Prison Staff as defendants. Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Under Louisiana law, an entity must qualify as a "juridical person," which is "an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE art. 24. Caldwell Parish Prison and Caldwell Parish Prison Staff do not qualify as juridical persons.[3] Accordingly, the Court should dismiss Plaintiff's claims against these defendants.

If by "staff" Plaintiff refers not to a singular entity but to individuals other than those he identified in his pleadings, he does not identify these persons and does not address how these unidentified persons were personally involved in depriving him of a constitutional right.

Section 1983 provides in relevant part: "Every person who . . . *subjects, or causes to be subjected*, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983 (emphasis added). If a person is not personally involved, then, *a fortiori*, he cannot subject another to, or cause, a deprivation of constitutional rights. See *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.").

Accordingly, to the extent Plaintiff names "staff" as unidentified persons, the Court should dismiss Plaintiff's claims against them.

---

[3] *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 314 (5th Cir. 1991); *Henderson v. Mid States Servs., Inc.*, 67 F. App'x 247 (5th Cir. 2003) (finding that the plaintiff did not show "that the Medical Department is a legal entity amenable to suit . . . .").

**3. Lost Property**

Plaintiff claims that staff lost his property in September 2020.  [doc. #s 1, p. 3; 11, p. 5]. Plaintiff, however, does not identify a responsible defendant other than "staff" which, as above, is unamenable to suit.  Thus, the Court should dismiss this claim.

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Corey Coleman's lost property claim, as well as his claims against Caldwell Parish Prison and Caldwell Parish Prison Staff, be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 9th day of April, 2021.

_____
Kayla Dye McClusky
United States Magistrate Judge